IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0024-01 |
| | § | |
| ONYENWONI PETER ALIWEZE | § | (Civil Action No. H-06-1260) |
| | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a motion by the defendant, Onyenwoni Peter Aliweze, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Crim. Doc. #37). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the motion and **dismisses** the corresponding civil action (H-06-1260) for the reasons set forth below.

### I.   BACKGROUND

A federal grand jury in this district returned an indictment against Aliweze on January 19, 2005, charging him with possession with intent to distribute a controlled substance, namely, one hundred grams or more of heroin (count one) and importation of one hundred grams or more of heroin into the United States (count two). On March 3, 2005, Aliweze pled guilty to both counts of the indictment without the benefit of a plea agreement. In a judgment entered on November 8, 2005, the Court sentenced Aliweze to serve a total of fifty-seven months in prison on both counts. Aliweze did not file an appeal.

In a motion dated March 22, 2006, Aliweze asks this Court to vacate his conviction and sentence under 28 U.S.C. § 2255. Aliweze contends that he is entitled to relief for the following reasons: (1) officers failed to provide him with the requisite warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966) before questioning him without an attorney; (2) his detention at the airport while police and "canine dogs" searched his person and luggage was unreasonable; and (3) his attorney was ineffective for failing to file a motion to suppress evidence. After reviewing all of the pleadings in the record, the Court concludes that Aliweze is not entitled to relief under § 2255 for reasons discussed briefly below.

## II.     STANDARD OF REVIEW FOR SECTION 2255 MOTIONS

It is well settled that collateral review of the sort available under 28 U.S.C. § 2255 may not do service for an appeal. *See Reed v. Farley*, 512 U.S. 339, 354 (1994); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). To obtain collateral relief under § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). In that respect, "review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective

assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

### III. DISCUSSION

Aliweze pled guilty in this case. "A guilty plea 'is more than a confession which admits that the accused did various acts.'" *United States v. Broce*, 488 U.S. 563, 570 (1989) (quoting *Boykin v. Alabama*, 395 U.S. 238 (1969)). "It is an 'admission that he committed the crime charged against him.'" *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of the substantive crime." *Id.*

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). It is well established that criminal defendants have only a limited ability to challenge a conviction entered pursuant to a valid guilty plea:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, a voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant, including those claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have

rendered the guilty plea involuntary. *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

Aliweze does not expressly challenge the voluntariness of his guilty plea. Because Aliweze did not pursue a direct appeal, any attempt to do so is restricted by the doctrine of procedural default. The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Aliweze's failure to challenge the voluntary or knowing character of his plea on direct review is a procedural default and the pleadings do not suggest an exception. In that respect, Aliweze does not allege or show cause for his procedural default, or actual prejudice, and he does not maintain that he is actually innocent. *See id*. at 622. Thus, any claim by Aliweze that his guilty plea was not voluntary is therefore procedurally barred. Because Aliweze has not asserted a jurisdictional defect in connection with his proceedings, and he has not challenged the voluntariness of his decision to plead guilty, all of the claims in the pending § 2255 motion were waived by the defendant's guilty plea.

To the extent that Aliweze complains that his guilty plea was somehow tainted by ineffective assistance of counsel, he fails to articulate a valid claim. To make an ineffective-assistance claim, the defendant must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). The conclusory facts alleged in the motion do not show that counsel in this case (Federal Public Defender Rick Ely) had a valid suppression motion to file regarding

4

evidence seized at the airport or that he was otherwise deficient. More importantly, Aliweze fails to demonstrate prejudice because he does not allege that, "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (citing *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, Aliweze fails to show that his guilty plea was invalid because he received ineffective assistance of counsel.

## IV.     CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or

5

whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

The defendant has failed to establish a legal basis for the relief sought. Accordingly, the Court **ORDERS** as follows:

1.  The defendant's pending § 2255 motion (Crim. Doc. #37) is **DENIED** and the corresponding civil action (H-06-1260) is **DISMISSED** with prejudice.

2.  A certificate of appealability from this decision is **DENIED**.

The Clerk will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-06-1260.

SIGNED at Houston, Texas, on **April 28, 2006.**

_____
Nancy F. Atlas
United States District Judge